## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Cheryl Bolton et al.,**

        **Plaintiffs,**

**v.**                                                              **Case No. 05-2361-JWL**

**Sprint/United Management Company**
**and Sprint Nextel Corporation,**


        **Defendants.**


### MEMORANDUM & ORDER

Fourteen plaintiffs filed suit against defendants alleging that age was a determining factor in defendants' decisions to terminate plaintiffs' employment during a reduction in force and that defendants' use of a forced-ranking performance review system had a disparate impact on plaintiffs, all of whom are protected under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.  Plaintiffs also assert, in Count II of their amended complaint, a collective action claim whereby plaintiffs intend to seek relief on behalf of other similarly situated plaintiffs.  In addition, two plaintiffs, Teresa Esshom-Sheldrake and Charles Whisenhunt, assert claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  Finally, one plaintiff, Connie Silin, asserts a claim for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

On December 20, 2005, defendants moved to dismiss Count II of the amended complaint, the collective action claim, and moved for a more definite statement of plaintiffs Esshom-Sheldrake's and Whisenhunt's ADA claims (doc. #6).  On February 22, 2006, the parties filed a

stipulation of dismissal, with prejudice, of Count II and expressly agreed that plaintiffs will not seek certification of this action as a collective action and will not seek to send written notice of this action to similarly situated plaintiffs. Thus, that portion of defendants' motion seeking dismissal of Count II is now moot and the court, pursuant to the parties' stipulation, hereby dismisses with prejudice Count II of plaintiffs' amended complaint.

The court turns, then, to the ADA claims asserted by plaintiffs Esshom-Sheldrake and Whisenhunt. In plaintiffs' complaint, plaintiffs Esshom-Sheldrake and Whisenhunt assert that defendants retaliated against them in violation of the ADA "after they engaged in protected activity by requesting reasonable accommodation for a physical impairment which substantially limited one or more major life activities by (a) denying them transfers or promotions; (b) giving them unfavorable performance appraisals; (c) targeting them for termination and/or layoff; and (d) terminating them." Plaintiffs further assert that defendants discriminated against them by terminating their employment "based on their disabilities and/or defendants' perception in regarding Teresa Esshom-Sheldrake and Charles Whisenhunt as being disabled from performing their job duties." In support of their discrimination claim, plaintiffs assert that they "were qualified individuals with a disability within the meaning of that term as utilized in the Americans with Disabilities Act and the regulations administering it, either as individuals with a physical or mental impairment which substantially limits one or more major life activities (but who were able to perform all of the essential functions of their jobs with or without reasonable accommodation), or as individuals with a record of such impairments which had been communicated to defendants, or as individuals who were regarded as having such an impairment."

2

In moving for a more definite statement of these claims, defendants complain that plaintiffs have alleged nothing more than legal conclusions and that plaintiffs have alleged no factual allegations to support their claims.  Defendants urge that they are unable to respond to such vague and conclusory allegations and that plaintiffs should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).   In support of their motion, defendants rely primarily on a decision from Judge Crow of this District in which Judge Crow granted a Rule 12(e) motion in the ADA context.  *See Boldridge v. Tyson Foods, Inc.*, Case No. 05-4055 (D. Kan. Oct. 17, 2005).  In that case, however, the plaintiff had alleged in his pro se complaint only that he had "an 18% disability rating from a prior injury" and that "no restrictions due to [his] disability would have prevented [him] from working as an Industrial Maintenance Worker."  As Judge Crow noted in granting the motion (a motion which plaintiff did not oppose), plaintiff mentioned his disability rating but did not allege that he was, in fact, disabled within the meaning of the ADA.   Here, plaintiffs have clearly alleged that they are disabled within the meaning of the ADA and that defendants discriminated against them based on that disability.  *Boldridge*, then, is not persuasive in this context.

While it is not entirely clear from defendants' motion what additional information they would like to have concerning plaintiffs' ADA claims, defendants specifically criticize in their reply brief plaintiffs' failure to identify their alleged physical or mental impairments and their failure to identify the specific major life activities that are substantially limited by those impairments.   Defendants, again citing to *Boldridge*, maintain that the "law requires that these elements be pled."  Defendants are incorrect.  In fact, the Tenth Circuit has expressly stated that

3

the federal notice pleading requirements did not require a plaintiff asserting an ADA claim to plead the specific impairment or the affected major life activity: "A plaintiff has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue." *Poindexter v. Atchison, Topeka & Santa Fe Railway Co.*, 168 F.3d 1228, 1232 (10th Cir. 1999).

In sum, the court readily concludes that plaintiffs' ADA claims are sufficiently specific to enable a responsive pleading in the form of a denial or admission. *See* Fed. R. Civ. P. 12(e).  If defendants wish to obtain additional factual details with respect to these claims, the procedural vehicle for doing so is to elicit information through the liberal discovery provided under the federal rules.  The motion for a more definite statement is denied.  *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004) ("[T]he situations in which making a Rule 12(e) motion is appropriate have been limited drastically" and, as a result, such motions are infrequently granted and generally disfavored).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss and for more definite statement (doc. 6) is moot in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** Count II of plaintiffs' amended complaint is dismissed with prejudice by stipulation of the parties.

**IT IS SO ORDERED.**

4

Dated this 23rd  day of February, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge