IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Cheryl Bolton et al.,**

      **Plaintiffs,**

v.                                                        Case No. 05-2361-JWL

**Sprint/United Management Company
and Sprint Nextel Corporation,**

      **Defendants.**

**MEMORANDUM & ORDER**

Fourteen plaintiffs filed suit against defendants alleging that age was a determining factor in defendants' decisions to terminate plaintiffs' employment during a reduction in force and that defendants' use of a forced-ranking performance review system had a disparate impact on plaintiffs, all of whom are protected under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. This matter is presently before the court on defendant's motion to dismiss the claims of plaintiffs Mark Anthony Davis, Herron Johnson and David Meinsen (doc. 44). As explained below, although the court dismisses the claims of David Meinsen,[1] the motion is denied with respect to plaintiffs Herron Johnson and Mark Anthony Davis.

---

[1] After the filing of defendant's motion to dismiss, plaintiff David Meinsen stipulated to the dismissal of his claims. The court, then, dismisses the claims of this plaintiff with prejudice.

*The Claims of Herron Johnson*

Defendant moves to dismiss the claims of Herron Johnson pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the court lacks subject matter jurisdiction over these claims. Specifically, defendant asserts that dismissal is appropriate because Mr. Johnson did not exhaust his administrative remedies in that he did not file his own charge of discrimination and, under the circumstances presented, he cannot "piggyback" on any of the charges filed by the charge-filing plaintiffs in this case. Mr. Johnson asserts that he is excused from the individual filing requirement by virtue of the single-filing rule and that dismissal of his claims is therefore inappropriate. As will be explained, the court concludes that the single-filing rule applies to the circumstances here such that Mr. Johnson will be deemed to have exhausted his administrative remedies.

The Tenth Circuit most recently examined the scope of the single-filing rule in *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004). In *Foster*, the Circuit described the "single filing" or "piggybacking" exception to the EEOC individual filing requirement as follows:

> Generally speaking, each plaintiff must exhaust his or her administrative remedies by filing a timely EEOC charge prior to bringing suit. However, given the widespread concern over discriminatory employment practices and the congressional intent behind Title VII and the ADEA, the federal courts have universally recognized an exception to the individual filing rule which provides that "in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." This exception to the individual filing requirement is known alternatively as the "single filing rule" or "piggybacking."

*Id.* at 1197 (citations and quotation omitted). Courts have utilized several different tests in

determining whether to apply the single-filing rule:

> The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame. . . .  A somewhat narrower test requires that the administrative claim give notice that the discrimination is "class-wide," i.e., that it alleges discrimination against a class of which the subsequent plaintiff is a member. A still narrower test requires that the administrative charge not only allege discrimination against a class but also allege that the claimant purports to represent the class or others similarly situated.

*Id*. at 1197-98 (quoting *Howlett v. Holiday Inns, Inc*., 49 F.3d 189, 195 (6th Cir. 1995)). While it is not clear which, if any, test the Circuit has adopted, *see id.* at 1198 (noting that the Circuit's decision in *Thiessen* references both the broadest test and the somewhat narrower test), it is clear that the single-filing rule is not limited to class actions but also permits a plaintiff to join individual actions "if the named plaintiff filed a timely administrative charge sufficient to permit 'piggybacking' by the joining plaintiff."  *Id*. (quoting *Howlett*, 49 F.3d at 194).  Finally, a subsequent plaintiff may only piggyback on a charge if he or she could have filed a timely charge of discrimination at the time the charge-filing plaintiff filed his or her charge.  *See Thiessen v. General Elec. Cap. Corp*., 267 F.3d 1095, 1111 (10th Cir. 2001) (directing district court to include in the opt-in class all plaintiffs who could have filed timely charges of discrimination at the time the named plaintiff filed his charge); *accord Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1226-27 (11th Cir. 2001) (district court should not have permitted plaintiffs to piggyback on charge where claims of those plaintiffs arose after the date that the charge was filed).

While eleven plaintiffs in this case filed charges of discrimination, Mr. Johnson may only attempt to piggyback on the charge of Ruth Straton, as Ms. Straton is the only plaintiff who filed

3

a charge at a time when Mr. Johnson could have filed a timely charge. In that regard, Mr. Johnson alleges in the complaint that defendant terminated his employment in November 2004. Aside from Ms. Straton, every other charge-filing plaintiff in this case filed their charges of discrimination prior to November 2004. Of course, Mr. Johnson could not have filed a timely charge of discrimination prior to November 2004 because his employment had not yet been terminated. Ms. Straton, however, filed her charge of discrimination in December 2004, a time when Mr. Johnson could have filed a timely charge, and thus the court turns to examine the scope of Ms. Straton's charge.

In the "cause of discrimination" portion of her charge of discrimination, Ms. Straton marked the box referencing discrimination on the basis of age and in the "date discrimination took place" portion of her charge, Ms. Straton identified "July 2, 2004" as the latest date of discrimination. In the "particulars" section of her charge, Ms. Straton wrote as follows:

> I am a 52 year old female, Social Security Number XXX-XX-XXXX. I worked for Respondent in its Human Resources Department as Executive Assistant to Vice President Ron Focht (White male, mid-50's). In December 2003 Mr. Focht was discharged, leading to the need for me to find another position with Respondent. I was ultimately able to find a job outside the Human Resources Department as assistant in the PCS department for Vice-President, Marketing, Walter "Chip" Novick (White male, 49). I took short-term disability from March 2004 until July 1, 2004 in order to have surgeries. In April 2004 HR Manager Deb Sprayberry (White female, age 53) contacted me and advised me that Mr. Novick was being laid off and that I would therefore be laid off as well upon my return from short-term disability. I was told Mr. Novick's job functions remained and his position was filled by Jeff Hallock (White male, 34). I have since learned that Mr. Novick is reported to be still employed at Sprint. After my discharge, I went to Human Resources to apply for other jobs. Deb Sprayberry discouraged me from finding other employment within Sprint and I was separated from Sprint on July 2, 2004.

No other information is contained in Ms. Straton's charge.[2]

While the court believes this case presents a close question, the court concludes that the single-filing rule applies in this case such that Mr. Johnson may "piggyback" on Ms. Straton's charge of discrimination. While the charge does not contain an express allegation of class-wide discrimination, it does reference two other individuals in the protected age group who were terminated and the charge implies that those terminations were based on age. Moreover, Ms. Straton also alleges that at least one of those individuals was replaced by a significantly younger individual. In other words, Ms. Straton's charge not only alleges that she was terminated based on her age, but also strongly suggests that other employees were terminated based on age. Ms. Straton's charge, then, is sufficient to notify the EEOC and defendant of a "possible wider group of nonfiling plaintiffs." *Ghamrawi v. Case & Assocs. Properties Inc.*, 2004 WL 2476459, *3 (10th Cir. Nov. 4, 2004). Finally, it is beyond dispute that Sprint, who is presently defending pattern and practice age discrimination claims of more than 1700 plaintiffs in this court arising out of various reductions in force, knows that other nonfiling plaintiffs might seek to file age discrimination claims against it arising out of those reductions in force. *See Foster*, 365 F.3d at 1197 ("The act of filing a charge is deemed 'useless' in situations in which the employer is already

---

[2]To the extent plaintiff suggests that the court cannot look beyond the complaint to the contents of any particular charge, that argument is rejected. *See Sizova v. National Institute of Standards & Tech.*, 282 F.3d 1320, 1324-25 (10th Cir. 2002) (jurisdictional issue of whether a Title VII plaintiff has exhausted her administrative remedies is not an aspect of the plaintiff's substantive claim of discrimination and the district court could properly rely on evidence outside the pleadings in resolving the motion without converting the motion to one for summary judgment).

5

on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings."); *Thiessen*, 267 F.3d at 1110 ("As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking.") (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995)). For these reasons, defendant's motion is denied.

*The Claims of Mark Anthony Davis*

Defendant also moves to dismiss the claims of Mark Anthony Davis pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Mr. Davis's claims are barred by the statute of limitations. Specifically, defendant asserts that Mr. Davis, whose employment was terminated during the time period covered by the *Cavanaugh v. Sprint/United Management Company* collective action presently pending in the Northern District of Georgia and who received notice of that collective action, failed to file a consent-to-join form within the 90-day time period prescribed by the district court in *Cavanaugh* and, thus, his claims in this case are barred by the statute of limitations. Mr. Davis responds that he should be entitled to piggyback on the charges filed in this case and that his failure to file a consent-to-join form in *Cavanaugh* is simply not relevant to the timeliness of his claims in this case. As explained below, the court denies defendant's motion to dismiss Mr. Davis's claims.

In support of its argument that Mr. Davis's claims are barred by the statute of limitations, defendant relies solely on the Eleventh Circuit's opinion in *Grayson v. K Mart Corp.*, 79 F.3d

1086 (11th Cir. 1996). In *Grayson,* however, the Eleventh Circuit simply held that ADEA opt-in plaintiffs in the collective action context are deemed to commence their civil action only when they file their written consent to opt into the class action and, thus, the statute of limitations on an opt-in plaintiff's cause of action will only be tolled upon the filing of that plaintiff's written consent to join the action. *See id.* at 1106. Stated another way, " a putative plaintiff must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his ADEA claim." *Id*. at 1107. *Grayson*, then, does not address the actual issue raised by defendant–the timeliness of Mr. Davis's individual claim in this case. *See Salazar v. Brown*, 1996 WL 302673, at *9 (W.D. Mich. Apr. 9, 1996) ("The distinction between individual and collective actions is critical in addressing the statute of limitations defense . . . "; an individual action under the FLSA is "commenced" for statute of limitations purposes when the complaint is filed; a different rule applies to collective actions and such actions are not "commenced" until a written consent is filed with the court by each plaintiff).

Those courts that have addressed this issue have held that an individual claim that is timely filed should be permitted to continue regardless of the individual's failure to file a consent to join a collective action. *See Smith v. Central Security Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) (individual claim that is timely filed may proceed notwithstanding plaintiff's failure to file consent to join collective action); *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) (concluding that the FLSA evinces no Congressional intent to "absolutely preclude FLSA claims by those who receive notice of a collective action, but fail timely to opt in"; each plaintiff who failed to timely opt into the collective action could file an individual suit). As

Mr. Davis did not file his own administrative charge, his individual claim in this case will be considered timely filed so long as it was filed within 90 days of the date that the individual upon whose charge he is piggybacking received his or her notice of right to sue. *See Anderson v. Unisys Corp.*, 47 F.3d 302, 308-09 (8th Cir. 1995) ("For those plaintiffs who have never filed an administrative charge and who are allowed to piggyback on the filed claim of another, we deem it reasonable to permit them to join suit as long as the claimant on whose administrative filing they have relied timely files suit after receiving right-to-sue letters from the state and federal agencies."); *Bowers v. Xerox Corp.*, 1995 WL 880773, at *4 (W.D.N.Y. May 5, 1995) ("The rule that should apply, therefore, is that a plaintiff seeking to 'piggyback' onto the administrative charge of another would be subject to the same statute of limitations as those persons similarly situated upon whose charge he relies. Put another way, plaintiffs' time to file this action ran out 90 days from the day that the last actual plaintiff similarly situated received their right-to-sue letter.").

Having concluded that the statute of limitations for purposes of the *Cavanaugh* collective action is not pertinent to the analysis of whether Mr. Davis's individual claim in this case is timely, the court denies defendant's motion to dismiss Mr. Davis's claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 44) is denied with respect to the claims of Herron Johnson and Mark Anthony Davis and the court dismisses the claims of David Meinsen.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2006, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge